[51 So. 185

## TRASCHER v. MOHAWK HOMESTEAD ASS'N.

No. 32357.

Oct. 30, 1933.

Rehearing Denied Nov. 27, 1933.

H. M. Ansley and Harold A. Moise, both of New Orleans, for appellant.

Sanders, Baldwin, Voisca & Haspel and Pierre D. Olivier, all of New Orleans, for appellee.

LAND, Justice.

On December 15, 1932, plaintiff filed a suit in the court below to recover judgment in the sum of $2,432.91, with 6 per cent. interest from July 1, 1932, until paid, alleging that this sum was balance due him by defendant, Mohawk Homestead Association, with which he had made deposits and withdrawals at irregular periods, and that defendant was engaged in a banking business, in violation of section 29 of Act No. 140 of 1932, known as the "Homestead Associations Act."

On the same date, plaintiff filed a second suit against defendant to recover judgment in the sum of $4,289.73, with 6 per cent. interest from July 1, 1932, as balance due him, under allegations similar to those of the first suit.

Defendant pleaded in the lower court exceptions of no cause or right of action to the

petitions in both suits. In these exceptions it is alleged: "That this Court is without jurisdiction, ratione materiae, right, power, or authority to pass upon the petitioner's complaints and the matters set forth therein for the reason that building and loan associations, under the laws of this State, are quasi public institutions under the supervision and control of the State Bank Examiner and the State Supervisor of Homesteads is the officer charged with representing the public and the individual shareholders in respect to violations of the law such as are complained of by petitioner therein, and Act No. 140 of 1932 of the Legislature of the State of Louisiana places such supervision over the operation and management of said homesteads entirely in the hands of the Supervisor of Homestead and Building and Loan Associations (particularly sections 67, 68, and 78), and petitioner's proper recourse is through that officer."

The exceptions of no cause or right of action were maintained as to both suits, which were dismissed in the lower court at plaintiff's costs. Plaintiff has appealed.

Conceding, for sake of argument, that building and loan associations are prohibited from engaging in the banking business by section 29 of Act No. 140 of 1932, yet plaintiff has failed in each petition to bring himself within the purview of this act.

It is provided in section 55 of the act that: "No suit shall be instituted by a withdrawing shareholder against an association, its officers or representatives, except for a violation of the provisions of the present Statute, or to enforce compliance with said provisions."

Section 55 of Act No. 140 of 1932 also declares that: "A member who has served notice of his intention to withdraw remains a shareholder, but shall have the status of, and be classified as, a withdrawing member."

Besides, the board of directors of a homestead or building and loan association may determine, in its discretion, the amounts to be withdrawn. Sections 55 and 56 of Act No. 140 of 1932.

Plaintiff does not allege that he is "a withdrawing shareholder," but, on the contrary, asserts and insists in both petitions that he is a mere depositor, and not a shareholder at all.

But plaintiff has annexed to his petitions two homestead books. In one of these he has subscribed to 10 running shares and, later on, to 70 running shares of $100.00 each of the stock of defendant association. In the other book, he has subscribed to 50 running shares of stock of $100 each in defendant association. All of this stock is "payable in installments in accordance with the Charter and By-Laws." These books necessarily control the allegations of plaintiff's petitions and give him the status of a mere shareholder suing defendant association to recover his subscription to stock.

It is provided in section 67 of Act No. 140 of 1932, pages 492 and 493 that, after all other claims duly proved against a homestead association in liquidation shall have first been paid, then the holders of all classes of shares of such association shall be paid in their equitable and ratable proportion out of the assets of such association, in due course of liquidation.

Manifestly, plaintiff has alleged no cause or right of action in the present suits, either under Act No. 140 of 1932 or otherwise.

Judgments affirmed.